```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**CYNTHIA WHITESIDES,**

        Plaintiff,

   vs.                                    Civil Action 2:15-cv-2822
                                                     Judge Graham
                                                     Magistrate Judge King

**FRANKLIN COUNTY JUVENILE COURT,**

        Defendants.


## ORDER and REPORT AND RECOMMENDATION

      Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(a), Doc. No. 1, is **GRANTED**. It is **ORDERED** that the plaintiff be allowed to prosecute the action without prepayment of fees or costs and that judicial officers who render service in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), the Court concludes that the action should be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

      Plaintiff, who is proceeding without the assistance of counsel, complains that she was not provided counsel promptly upon the institution of juvenile court proceedings against her minor daughter. *Complaint*, Doc. No. 1-1. The Court construes the *Complaint* as asserting a claim under 42 U.S.C. § 1983 for the alleged denial of plaintiff's constitutional rights. The *Complaint* names as the sole defendant the Franklin County Juvenile Court and the only relief

sought is "$70,000.00 in punitive damages." *Id.* at PAGEID# 8.

The defendant court is an arm of the state. *See S.J. v. Hamilton County, Ohio*, 374 F.3d 416, 422 (6th Cir. 2004); *Mumford v. Basinski*, 105 F.3d 264 (6th Cir. 1997). As such, the defendant is absolutely immune from suit on plaintiff's claim in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). For both these reasons, then, the action cannot proceed.

It is therefore **RECOMMENDED** that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                             *s/ Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge

September 15, 2015